1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 | KIMBERLY ANN SMITH,

11 |                   Plaintiff,

12 |         v.

13 | CAROLYN COLVIN,

14 |                 Defendant.

CASE NO. C14-0066JLR

ORDER ADOPTING REPORT
AND RECOMMENDATION

## I.   INTRODUCTION

16      This matter comes before the court on the Report and Recommendation ("R&R")

17 of United States Magistrate Judge Brian A. Tsuchida (R&R (Dkt. # 18)), and Plaintiff

18 Kimberly Ann Smith's objections thereto (Objections (Dkt. # 19)).  Having carefully

19 reviewed all of the foregoing, along with all other relevant documents and the governing

20 law, the court ADOPTS the R&R, AFFIRMS the decision of the Administrative Law

21 Judge ("ALJ"), and DISMISSES Ms. Smith's complaint with prejudice.

22

ORDER- 1

## II.    BACKGROUND

Ms. Smith is a 53-year-old female who applied for and was denied social security benefits.  (ARII (Dkt. # 10-10) at 42, 44.)  She suffers from anxiety disorder, post traumatic stress disorder, and bipolar disorder, and previously worked as a retail manager.  (*Id*. at 32; ARI (Dkt. # 10-2) at 27.)  She has not held full-time employment since March 2009.  (ARII at 32.)  This is the second time this matter comes before the court.  Ms. Smith's initial denial of benefits was remanded for reconsideration of medical opinion evidence, Ms. Smith's credibility, and the evaluation process.  *See Smith v. Astrue*, No. C09-1582RSL-MAT, 2010 WL 2696476 (W.D. Wash. June 4, 2010), *adopted by Smith v. Astrue*, No. C09-1582RSL, 2010 WL 2696481 (W.D. Wash. July 6, 2010).  In August 2011, the ALJ conducted a second hearing and concluded that Ms. Smith is not disabled and thus not entitled to disability benefits.  (ARII at 44.)  Ms. Smith appealed but the Appeals Council declined to assume jurisdiction of the case.  (*Id*. at 2-4.)  She then appealed to this court.  (R&R at 2.)  Magistrate Judge Tsuchida issued an R&R recommending that the Commissioner be affirmed (*see* R&R), and Mr. Hall objected to that R&R (*see* Objections).

## III.    STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's R&R on dispositive matters.  Fed. R. Civ. P. 72(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  *Id*.  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The court

1 │ reviews de novo those portions of the R&R to which specific written objection is made.

2 │ *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  "The

3 │ statute makes it clear that the district judge must review the magistrate judge's findings

4 │ and recommendations de novo if objection is made, but not otherwise."  *Id.*  When no

5 │ objections are filed, the court need not review de novo the R&R.  *Wang v. Masaitis*, 416

6 │ F.3d 992, 1000 n.13 (9th Cir. 2005).

7 │         Although review of an R&R is de novo, the court must defer to the ALJ's factual

8 │ findings and may set aside the Commissioner's denial of social security benefits only if

9 │ the ALJ's findings are based on legal error or not supported by substantial evidence in the

10 │ record.  42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  In

11 │ this way, the court's review of the R&R is different from the court's review of the

12 │ underlying decision of the ALJ.  With respect to the underlying decision, the court must

13 │ examine the record as a whole and may not reweigh the evidence or substitute its

14 │ judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

15 │ 2002).  The ALJ determines credibility, resolves conflicts in medical testimony, and

16 │ resolves any other ambiguities that may exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039

17 │ (9th Cir. 1995).  When the evidence is susceptible to more than one rational

18 │ interpretation, the court must uphold the ALJ's conclusion.  *Thomas*, 278 F.3d at 954.

19 │                                      **IV.    DISCUSSION**

20 │         Ms. Smith objects to Magistrate Judge Tsuchida's conclusion that the ALJ gave

21 │ clear and convincing reasons for rejecting the opinions of treating psychiatrist Mary

22 │ Bartels, M.D., and clinical case manager Daniel Davidson, MA, LMHCA.  (Obj. at 2;

ORDER- 3

1   R&R at 5.)  Her objection pertains to a joint opinion letter of Dr. Bartels and Mr.

2   Davidson, and three other written statements of Dr. Bartels.  As explained in more detail

3   below, the court concludes that none of Ms. Smith's objections raise issues that justify

4   reversing the ALJ or otherwise disagreeing with the reasoning contained in Magistrate

5   Judge Tsuchida's R&R.

6   **A.      August 2011, joint opinion letter was properly rejected**

7          First, Ms. Smith argues that the ALJ erred in considering medical opinion

8   evidence prior to September 2009, in determining that an August 2011, letter was

9   inconsistent with other opinions of Dr. Bartels.  She claims that the August 2011, letter

10   "clearly described" a decline in her mental health beginning in September 2009.  (Obj. at

11   4.)  Thus, she concludes that evidence suggesting her condition was manageable prior to

12   the alleged date of decline is consistent with the August 2011, letter.  (*Id.*)

13          This argument is unpersuasive and raises no new issues.  Magistrate Judge

14   Tsuchida correctly concluded that the records relied upon by the ALJ were within the

15   amended period of disability and so were properly considered as medical opinion

16   evidence.  (R&R at 6.)  He also notes that the ALJ considered this evidence along with

17   other evidence documented after Ms. Smith's alleged decline.  (R&R at 6-8.)  It is not the

18   role of the court in such cases to reweigh the evidence or substitute its judgment for that

19   of the Commissioner.  *Thomas*, 278 F.3d at 954.  It is the job of the ALJ, not the court, to

20   resolve conflicts in medical testimony.  *Andrews*, 53 F.3d at 1039.  Here, the court cannot

21   conclude that medical opinion evidence occurring between the amended period of

22   disability and the alleged date of decline is susceptible to only one rational interpretation.

ORDER- 4

1   *Thomas*, 278 F.3d at 954.  The ALJ, therefore, did not err in considering that evidence to

2   support its finding regarding inconsistency.

3        Second, Ms. Smith argues that the ALJ failed to consider certain notes and

4   opinions in determining that the August 2011, letter was inconsistent with other opinions

5   of Dr. Bartels.  (Obj. at 8.)  She references medical notes made by Dr. Bartels and others

6   that emphasize the decline of her mental health beginning in September 2009, to support

7   her contention that those notes are consistent with the August 2011 letter.  (*Id*. at 5-7.)  In

8   so doing, Ms. Smith simply asks the court to adopt her interpretation of the evidence.

9   Here, the ALJ considered the letters and opinions to which Ms Smith cites and reached a

10   different conclusion, one supported by specific facts in the record.  (*See id*. at 7-8.)  Once

11   again, it is not the role of the court to reweigh evidence.  *Thomas*, 278 F.3d at 954.  Here,

12   the evidence on this issue is susceptible to more than one rational interpretation, so the

13   court must defer to the ALJ's conclusion that the August 2011, letter was inconsistent

14   with Dr. Bartels's other opinions.  *See id*.

15        Third, Ms. Smith argues that the ALJ relied on a mischaracterization of the August

16   2011, letter to justify rejecting it.  The ALJ concluded that the opinion appeared to "relate

17   her symptoms more to situational stressors than clinical mental disorders." (R&R at 6

18   (citing ARII at 41).)  The ALJ supported this conclusion with language from the letter

19   attributing Ms. Smith's symptoms to issues with finances and housing, and with other

20   evidence concerning family issues.  (*Id*. at 6-7.)  Ms. Smith argues that the correct

21   interpretation of this portion of Dr. Bartels's letter is that her inability to tolerate stressors

22   is a symptom of her mental illness.  (Obj. at 8-10.)

ORDER- 5

1    This argument is equally unpersuasive.  Again, it is the role of the ALJ, not the

2 court, to resolve conflicting or ambiguous medical evidence.  *Andrews*, 53 F.3d at 1039.

3 The ALJ made a rational interpretation of the evidence.  He also supported his finding

4 with specific and legitimate reasons substantiated by evidence in the record.  The court

5 agrees, therefore, with Magistrate Judge Tsuchida that the ALJ's conclusions should be

6 upheld.

7 **B.      November 2009, March 2010, and August 2011, opinions were properly rejected**

8
    The ALJ rejected three other opinions of Dr. Bartels because they were

9 inconsistent with the doctor's other findings and Ms. Smith's daily activities, and

10 contained what amounts to a legal conclusion regarding Ms. Smith's disability.  (R&R at

11 8.)  First, Ms. Smith argues that the ALJ erred in rejecting these opinions because one of

12 the doctor's observations regarding Ms. Smith's eye contact was not "wholly supported

13 by the record."  (Obj. at 10.)

14    This argument was thoroughly and correctly addressed by Magistrate Judge

15 Tsuchida.  He notes that the ALJ relied on evidence that Ms. Smith was "progressing

16 well," and that she was "moving towards recovery," in addition to the disputed eye

17 contact evidence.  (R&R at 8-9 (citing ARII at 41).)  These observations constitute

18 specific and substantial evidence supporting the ALJ's finding (*see id.*), but Ms. Smith

19 urges the court to overturn this finding in favor of an alternative interpretation that could

20 be reached by placing greater weight on evidence that supports her position  (*see* Obj. at

21 10).  The court reiterates that this is not its proper role in reviewing the ALJ's decision.

22

1    *Thomas*, 278 F.3d at 954.  Because the evidence before the ALJ was susceptible to more

2    than one rational interpretation, the court must uphold the ALJ's conclusion.  *See id.*

3           Second, Ms. Smith claims that the ALJ erred by rejecting Dr. Bartels's opinion

4    that Ms. Smith is disabled on the basis that it was a legal conclusion.  (Obj. at 9.)

5    Magistrate Judge Tsuchida, however, correctly noted that "an opinion that a claimant is

6    'disabled' or 'unable to work' is not a medical opinion" and need not be given special

7    consideration because such an issue is reserved to the Commissioner.  (R&R at 9 (citing

8    20 C.F.R § 404.1527(d)).)  Ms. Smith claims that this rule was incorrectly applied to non-

9    conclusory opinions of Dr. Bartels.  (Obj. at 9-10.)  This argument is without merit and

10   raises no new issues that are not adequately addressed in Magistrate Judge Tsuchida's

11   R&R.

## V.   CONCLUSION

13        In sum, Ms. Smith's objections were correctly addressed by Magistrate Judge

14   Tsuchida's R&R.  Moreover, the court has thoroughly examined the record before it and

15   finds the Magistrate Judge's reasoning is persuasive in light of the record.  For these

16   reasons, the court ADOPTS the Report and Recommendation (Dkt. # 18) in its entirety,

17   AFFIRMS the decision of the ALJ, DISMISSES Ms. Smith's complaint with prejudice,

18   //

19   //

20   //

21   //

22   //

ORDER- 7

1 and DIRECTS the Clerk to send copies of this Order to Ms. Smith, to counsel for

2 respondent, and to Magistrate Judge Tsuchida.

3          Dated this 9th day of September, 2014.

4

5

6          _____

           JAMES L. ROBART

7          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 8